**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

YUN WANG,

        Petitioner,

   v.

ERIC H. HOLDER, Jr., Attorney General,

        Respondent.

No. 09-70645

Agency No. A097-359-920

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011[**]

Before:    PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Yun Wang, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' order dismissing her appeal from an immigration judge's

("IJ") decision denying her application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence factual findings, and de novo due process claims. *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008). We deny in part and grant in part the petition for review, and we remand.

The record does not compel the conclusion that Wang established extraordinary circumstances to excuse her untimely asylum application. *See* 8 C.F.R. § 1208.4(a), (5); *see also Husyev*, 528 F.3d at 1181-82. Accordingly, her asylum claim fails.

Wang has not "specifically and distinctly argued and raised" the issue of CAT relief. *Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (failure to raise a claim results in waiver). Accordingly, her CAT claim fails.

In addition, Wang's contention that she was denied due process because the IJ did not act as an impartial fact-finder is not supported by the record. *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1072 (9th Cir. 2003). Nevertheless, we suggest remand to a different IJ.

With respect to withholding of removal, Wang testified she was arrested, detained for five days, physically abused, forced to sign a confession letter, fired from her job, prohibited from practicing her Christian religion, and subjected to ongoing police surveillance. Substantial evidence does not support the agency's determination that Wang failed to establish past persecution because the record

compels a finding of persecution. *See Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004) ("totality of circumstances" compelled finding of persecution where Chinese Christian arrested, detained, physically abused, forced to renounce religion, and fired from job). Wang is therefore entitled to a presumption of a clear probability of persecution. *See* 8 C.F.R. § 1208.16(b)(1)(i). Accordingly, we grant the petition with respect to withholding of removal and remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**